Michael E. Sweeney, J.
The plaintiffs instituted this action based on negligence for personal injuries sustained by the wife and a derivative action by the husband arising out of an alleged fall by the wife on a defective sidewalk in the Village of Keeseville.
*34 The defendant village moves pursuant to rule 106 of the Buies of Civil Practice to dismiss the complaint on the grounds that it does not state facts sufficient to constitute a cause of action. The contention of the defendant is that the complaint fails to specifically allege compliance with section 341-a of the Village Law, i.e., prior written notice of the defective condition.
In determining this motion I am limited to the allegations set forth in the complaint and must assume the truth of each allegation. (Blanshard v. City of New York, 262 N. Y. 5.)
Plaintiffs, for compliance with section 341-a of the Village Law, rely on a notice of claim which was served pursuant to section 50-e of the General Municipal Law on the defendant village in another accident that occurred some three years previously.
Subdivision 4 of section 5-e of the General Municipal Law provides that the service of notice of claim does not dispense with notice of defect whenever same is required. However, such section is not to be interpreted as meaning that such a notice of laim served upon a municipality could not serve as written notice of defect, if in fact, it concerned the same defective condition.
The complaint in the present action in paragraph “7” alleges that the notice of claim in the previous action involved an accident that occurred at the very same location on the very same sidewalk along Main ¡Street in front of and past the store of the defendant Prescott Brothers, Inc. Attached to the complaint in the present action is a copy of an order directing an examination before trial in the previous action. It is set forth in paragraph “1” of said order that the defendant village is to be examined on, among other things, the construction, maintenance and repair of the sidewalk adjoining Main Street, extending past the hardware and appliance store of the defendant Prescott Brothers, Inc., in the defendant village. In paragraph “3” of the present complaint it is alleged that plaintiff was walking northerly on the sidewalk in front of Prescott Brothers, Inc., in the Village of Keeseville and at a point on the said sidewalk in front of defendant Prescott Brothers, Inc., store she was caused to fall because of the defective condition of said sidewalk.
It is the court’s opinion that the notice which was given the municipality by the notice of claim, which was served on the village at the time of the previous accident, complies with section 341-a of the Village Law. The notice was specific enough to put the village on notice of the defective condition of the sidewalk in front of and past the store of defendant Prescott Brothers, Inc. (Hart v. City of Glens Falls, 8 A D 2d 654.)
*35 It is not the court’s concern here whether the plaintiff can prove this allegation of prior written notice. It has been alleged sufficiently in the complaint and consequently the complaint states a cause of action. The motion is therefore denied.